UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOSEPH BRAUN,

      Plaintiff,

  v.

                                     COMPLAINT
                                     Case Number: 2:26-cv-1347

ROGERS MEMORIAL HOSPITAL, INC.,

      Defendant.

Plaintiff, Joseph Braun, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, and Tristan N. Bullington in this Complaint alleges and shows to the Court, as follows:

**NATURE OF THE CASE**

1.     Plaintiff, Joseph Braun, alleges that Defendant, Rogers Memorial Hospital, Inc violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq.*] by and taking adverse actions against him including termination of his employment because of his request to utilize FMLA leave.

**JURISDICTION AND VENUE**

2.     Jurisdiction over Plaintiff's FMLA claims is conferred on this Court by 28 U.S.C. § 1331.

3.     The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because Defendant resides in the Eastern District and its unlawful actions occurred in the Eastern District.

**CONDITIONS PRECEDENT**

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

**JURY DEMAND**

5. Plaintiff demands that his case be tried to a jury of his peers.

**PARTIES**

6. Plaintiff, Joseph Braun ("Braun"), is an adult who resides at 2160 S. 86th Street, West Allis, Wi 53227.

7. Defendant, Rogers Memorial Hospital, Inc. ("Rogers"), is a not-for-profit, non-stock corporation with its principal office located at 34700 Valley Dr. Oconomowoc, WI 53006.

**OPERATIVE FACTS**

8. Braun commenced employment with Rogers on July 14, 2025 and was employed as a nurse.

9. Braun suffers from a tumor which makes walking difficult.

10. In early January 2026, Braun informed his supervisor, Danielle York ("D. York") of his tumor and the potential need for time off for treatment.

11. Braun informed D. York of his intention to use the Family and Medical Leave Act ("FMLA") once he was eligible for it to address his tumor.

12. On January 13, 2026, Director of Nursing Sheryl York ("S. York") gave Braun a false corrective action for failing to do a Clinical Intoxication Withdrawal Assessment ("CIWA") of a patient.

13. Rogers had cameras where Braun was working that would have verified his performance of the CIWA.

2

14. Braun was shocked by the accusation and in his email to S. York about it stated, "I certainly hope this had nothing to do with the fact I was thinking of taking time off for a surgery."

15. On June 22, 2026, Rogers terminated Braun's employment, stating that he falsified patient records on January 13, 2026.

16. Braun did not falsify patient records.

**FIRST COUNT**
**FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION § 2615(a)(2)**

17. As and for a first count, Braun re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

18. Rogers violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Braun on account of his activity that would be protected by the FMLA.

19. The allegations more particularly described above regarding the intentional discriminatory practices of Rogers, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

20. Rogers' violation of 29 U.S.C. § 2615(a)(2) caused Braun to suffer a loss of employment compensation and other damages.

WHEREFORE Plaintiff demands relief as follows:

    A. Judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

3

B.      judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses pursuant to 29 U.S.C. § 2617;

C.      judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees pursuant to 29 U.S.C. § 2617;

D.      judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E.      such other relief as the court deems just and equitable.

Dated this 6tj day of August, 2026.

*Electronically signed by Tristan N. Bullington*
Tristan N. Bullington, SBN: 1138110
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: TBullington@Employee-Advocates.com
Email: AOlson@Employee-Advocates.com

4